UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,

v.

Otis Ray Mays, Jr.,

      Defendant.

File No. 19-cr-75 (ECT/HB)
File No. 19-cr-76 (ECT/HB)

**OPINION AND ORDER**

---

Defendant Otis Ray Mays, Jr. pleaded guilty in case 19-cr-75 to receiving child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). He pleaded guilty in case 19-cr-76 to wire fraud in violation of 18 U.S.C. § 1343. Mr. Mays is serving a 132-month combined sentence. Acting *pro se*, Mr. Mays has filed motions to vacate his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel in both cases. The motions will be denied.

I

Mr. Mays was indicted on March 12, 2019, for production and receipt of child pornography, 19-cr-75, ECF No. 1, and for wire fraud, 19-cr-76, ECF No. 1. He filed several pretrial motions in both cases. *See* 19-cr-75, ECF Nos. 27–36; 19-cr-76, ECF Nos. 22–30. Of particular relevance here, Mr. Mays filed a motion in the child-pornography case to suppress evidence found on a laptop computer. 19-cr-75, ECF No. 33; *see also* 19-cr-75, ECF No. 48. Mr. Mays's pretrial motions in the child-pornography case were denied in an order accepting a report and recommendation issued by then-Magistrate Judge Hildy

Bowbeer.  19-cr-75, ECF Nos. 60, 64.  Magistrate Judge Bowbeer also issued a Report and Recommendation in the wire-fraud case.  19-cr-76, ECF No. 51.  Though Mr. Mays also lodged objections to this Report and Recommendation, 19-cr-76, ECF No. 55, he noticed a change of plea and would plead guilty before the Court ruled on these objections, 19-cr-76, ECF Nos. 61, 62.

Mr. Mays entered a guilty plea in both cases on October 3, 2019.  He pleaded guilty to receipt of child pornography in 19-cr-75, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and to wire fraud in 19-cr-76, in violation of 18 U.S.C. § 1343.  19-cr-75, ECF Nos. 67, 68; 19-cr-76, ECF Nos. 61, 62.  Mr. Mays's guilty plea to the receipt-of-child-pornography charge was conditional; he reserved the right to appeal the order denying his motion to suppress evidence found on the laptop computer.  19-cr-75, ECF No. 68 ¶ 3(a).  Mr. Mays waived the right "to appeal [his] sentence, unless the sentence exceed[ed] 120 months." *Id.* ¶ 12.  Mr. Mays also "waive[d] his right to petition under 28 U.S.C. § 2255." *Id.*  These waivers did "not apply to a direct appeal or post-conviction collateral attack based on a claim of ineffective assistance of counsel." *Id.*  Subsequently, on February 10, 2020, Mr. Mays received a combined 132-month imprisonment sentence to be followed by 10 years of supervised release.  19-cr-75, ECF Nos. 87, 96; 19-cr-76, ECF No. 75, 82.

Mr. Mays appealed.  19-cr-75, ECF No. 89; 19-cr-76, ECF No. 77.  He challenged the denial of his motion to suppress evidence found on the laptop computer, the imposed sentence of imprisonment, and certain imposed conditions of supervised release.  19-cr-75, ECF Nos. 89, 103 at 2; 19-cr-76, ECF Nos. 77, 89 at 2.  As relevant here, the Eighth Circuit affirmed the denial of Mr. Mays's motion to suppress evidence seized from the laptop

2

computer and affirmed the sentence of imprisonment.  19-cr-75, ECF No. 103 at 18; 19-cr-76, ECF No. 89 at 18; *United States v. Mays*, 993 F.3d 607, 618 (8th Cir. 2021).

## II

Federal prisoners may collaterally attack their convictions or sentences

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962).  Here, Mr. Mays argues only that he received ineffective assistance of counsel in violation of the Sixth Amendment.  To prevail on this claim, Mr. Mays must establish that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 678–88 (1984).  Mr. Mays must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Though criminal defendants are entitled to competent representation, the Constitution "does not insure that defense counsel will recognize and raise every conceivable" argument.  *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quotation omitted).

## A

Mr. Mays argues that his counsel's performance in the child pornography case was deficient for many reasons tied to the denial of his motion to suppress evidence obtained from the laptop computer.  In other words, Mr. Mays argues that the result of his

suppression motion or appeal of that issue would have been favorable to him had his counsel pursued different or additional approaches in advocating for the computer's suppression. These arguments appear in Mr. Mays's typewritten claims numbered 1, 2, 3, 4, 5, 6, 7, 8, 10, 14, 15, 20, 21, 22, 23, 25, 26, 27, 28, and 36. *See* 19-cr-75, ECF No. 206 at 1–17. Mr. Mays repeats or expands on these arguments in a handwritten submission appended to his typewritten claims. *See id.* at 18–20.

None of these arguments are persuasive. The first problem for Mr. Mays is that the Eighth Circuit affirmed the denial of his suppression motion, *see Mays*, 993 F.3d at 614–618, and the Eighth Circuit has made clear that Mr. Mays cannot via § 2255 relitigate issues he raised on direct appeal, *see Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Many of Mr. Mays's claims seem intended to do just that. Mr. Mays's second problem is that many of his complaints regarding counsel's performance concern purely strategic matters. These include, for example, what questions to ask at hearings, how to present specific arguments, whether to call or subpoena a specific witness to testify, and counsel's recommendation that Mr. Mays not testify at the evidentiary hearing on his suppression motion. These strategic decisions, however, are "'virtually unchallengeable.'" *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010) (quoting *Link v. Luebbers,* 469 F.3d 1197, 1204 (8th Cir.2006)); *see United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) (recognizing that, to show ineffective assistance of counsel on the basis that the defendant was not "allowed" to testify, the defendant must show more than his counsel's advice against testifying). And Mr. Mays has not come close

to showing that any of these strategic decisions and recommendations was unreasonable. *See Jackson v. United States*, 956 F.3d 1001, 1006 (8th Cir. 2020). The record in no way supports Mr. Mays's assertions that his counsel's performance was deficient in any respect, but particularly with respect to the suppression motion. The only reasonable conclusion one can draw from the suppression-hearing transcript, counsel's written submissions, and his Eighth Circuit appeal briefing is that counsel was diligent, prepared, and zealous in his representation of Mr. Mays. *See* 19-cr-75, ECF Nos. 27–36, 46, 48, 52, 56.

Mr. Mays argues that his counsel's performance was deficient because counsel opted not to raise, challenge, or appeal certain issues or seek an *en banc* rehearing in the Eighth Circuit. These arguments appear in Mr. Mays's typewritten claims numbered 9, 14, 15, 16, and 29. *See* 19-cr-75, ECF No. 206 at 6–7, 10, 14. These arguments do not show that counsel's performance was deficient. Mr. Mays argues that his counsel should have appealed what Mr. Mays believes was a district court determination that a witness, Bernard Holmes, was not a government agent. Mr. Mays has identified no rational or particular basis to believe that Mr. Holmes was a government agent, meaning there is no reason to find that counsel's determination not to contest the issue was anything but a reasonable strategic decision. Mr. Mays's arguments that counsel's objections to a report and recommendation were deficient are not clear. *See id.* at 10 (claim number 16). Mr. Mays seems to suggest that the report and recommendation was based on the understanding that Mr. Mays's computer was seized during a child pornography offense when, in Mr. Mays's view, it was seized as part of a fraud investigation. Mr. Mays does not explain why this distinction matters in light of the record. Regardless, counsel was not deficient for

choosing not to highlight this distinction in objections to the report and recommendation. Finally, counsel could not have been constitutionally deficient in opting not to seek an *en banc* rehearing because Mr. Mays had no constitutional right to representation at that stage. *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008).

Mr. Mays alleges that his counsel failed to inform him of plea-agreement provisions restricting appellate rights. This allegation appears in Mr. Mays's claim numbered 13. The plea agreement includes the following paragraph:

> **12.    Waiver of Appeal.**  Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case.  Acknowledging this right, Defendant specifically preserves his right to appeal the suppression issue described in paragraph 3 of this Plea Agreement and Sentencing Stipulations.  In exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives any rights conferred by 18 U.S.C. § 3742 to appeal Defendant's sentence, unless the sentence exceeds 120 months.  In addition, Defendant expressly waives his right to petition under 28 U.S.C. § 2255.  The United States also waives its right to seek appellate review of any sentence imposed by the Court on any ground set forth in 18 U.S.C. § 3742.  The waivers by Defendant noted above shall not apply to a direct appeal or post-conviction collateral attack based on a claim of ineffective assistance of counsel.  Defendant has discussed these rights with his attorney.  Defendant understands the rights being waived, and the rights being preserved, and as to those rights being waived, he waives them knowingly, intelligently, and voluntarily.

19-cr-75, ECF No. 68. The plea-hearing transcript belies Mr. Mays's allegation. At that hearing, Mr. Mays testified under oath that he had read the plea agreement and that he believed he understood the agreement. Plea Hr'g Tr. at 18. In response to the Court's question whether his "attorneys [had] carefully gone through the plea agreement and

explained all of its terms to [him,]" Mr. Mays testified: "Several times." *Id.*  The plea

agreement's appeal-waiver provisions received specific attention at that hearing, and Mr.

Mays never indicated any lack of understanding of those provisions. *See id.* at 12–13, 24–

26, 35–36.  The record, in other words, establishes that Mr. Mays was fully aware of his

appellate rights generally and what appellate rights he was waiving under the plea

agreement.

Mr. Mays argues that his counsel performed deficiently in connection with

sentencing.  Mr. Mays's sentencing-directed arguments appear in claims numbered 11, 12,

19, 30, 31, and 32.  *See* 19-cr-75, ECF No. 206 at 7–9, 11–12, 14–15.  To establish these

claims, Mr. Mays must show a reasonable probability that, but for his counsel's alleged

errors, he would have received a lower sentence. *Jeffries v. United States*, 721 F.3d 1008,

1014 (8th Cir. 2013) (citing *Puckett v. United States*, 556 U.S. 129, 142 n.4 (2009)).  "A

reasonable probability 'is a probability sufficient to undermine confidence in the

outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).  Mr. Mays does not meet this

standard.  He first claims that his counsel failed to advance arguments supporting a

downward departure or variance, including an argument based on "mental and physical

trauma" Mr. Mays claimed to have suffered while detained in the Sherburne County Jail.

19-cr-75, ECF No. 206 at 7–8.  Mr. Mays is correct that his counsel did not raise this issue

during the sentencing hearing.  Counsel did, however, raise concerns regarding Mr. Mays's

custodial treatment in two earlier motions, 19-cr-75, ECF Nos. 22, 39, and the Court is

well-informed regarding the conditions at the Sherburne County Jail.  Regardless, Mr.

Mays has not shown how these issues would have resulted in the imposition of a lower

sentence. *See United States v. Fortier*, Nos. 17-cr-96 (PJS/DTS), 21-cv-2496 (PJS), 2022 WL 119052, at *3 (D. Minn. Jan. 12, 2022) ("[T]here is no departure or other formal type of credit for 'hard time.'"); *Muskin v. Fikes*, No. 20-cv-1401 (SRN/ECW), 2021 WL 11430647, at *3 (D. Minn. Mar. 5, 2021). Mr. Mays's next sentencing-directed contention seems to be that his counsel failed to guide Mr. Mays regarding the content of his allocution. This is not persuasive. Mr. Mays does not describe what guidance his counsel failed to provide. He does not describe how that guidance might have changed his allocution. And he does not suggest how a different allocution might have resulted in a reduced sentence.[1] Mr. Mays also argues that his counsel performed deficiently in failing to request a continuance of the sentencing hearing to enable some of Mr. Mays's family members and perhaps friends to attend the hearing. Mr. Mays's counsel explained and took responsibility for this issue at the sentencing hearing, explaining as follows:

> Your Honor, before I begin, I want to make a confession of sorts.
>
> Mr. Mays had hoped and had arranged for his mother, various family members and friends, to all be present at the sentencing. The reason they're not here is that I screwed up.
>
> The sentencing in this case had been scheduled for different days and different times. Somehow I had in my calendar that the sentencing was today at 2:00. I communicated that to Mr. Mays' mother several weeks ago and she took steps to communicate to everyone who was going to be here, which I think was going to be somewhere between ten and 20 people.

---

[1] Mr. Mays asserts that the Court required him "to speak at sentencing or [he] would get more time." ECF No. 206 at 15. The sentencing-hearing transcript provides no support for this assertion, and it is not correct.

> It was yesterday afternoon that I became aware that sentencing was today at 11:00.  It didn't occur to me to notify Ms. Mays. It wasn't until this morning at 10:00 when my client informed me that his mother still thought that the sentencing was at 2:00. I called her.  She was extremely upset, but told me that she could not be here on such short notice.  I apologized profusely.
>
> So I want the Court to know and for the record to be clear that I made that mistake.  That is the reason that Mr. Mays' supporters are not here.  I can assure the Court that they wanted very much to be here.

19-cr-75, ECF No. 101 at 25–26.  Of course, the supportive attendance of family members and friends at a sentencing hearing is important.  But Mr. Mays does not attempt to connect his mother's and other supporters' absences to the sentencing decision.   For that straightforward reason, this argument fails.

Mr. Mays alleges that his counsel performed deficiently because he failed to obtain Mr. Mays's transfer out of the Sherburne County Jail to another facility.  19-cr-75, ECF No. 206 at 10–11.  Mr. Mays connects this allegation to his conviction and sentence by asserting: "[M]aking Mays have to stay in Sherburne County jail and have to suffer great physical and mental pain . . . forced me to take a deal that I would not have taken if I was not continuously physically and mentally abused by multiple Sherburne County Jail staff members and inmates."  *Id.* at 11.  Mr. Mays's sworn testimony at his change-of-plea hearing contradicts this assertion.  At that hearing, Mr. Mays was asked whether any outside forces—including force, violence, or threats—prompted his guilty plea.  *See* Plea Hr'g Tr. at 32, 44.  These questions presented Mr. Mays with multiple chances to say that jailhouse abuse forced him to accept the plea agreement.  *See id.*  That is not what Mr.

Mays said.  In response to the Court's question asking whether anyone had "done any violence to [him]" resulting in his guilty plea, Mr. Mays testified: "No, just good advice from my attorneys, Your Honor."  *Id.* at 44.

Mr. Mays asserts that his counsel performed deficiently by failing to inform Mr. Mays that the victim "had previously made other recorded videos of herself & or others children [sic] committing sexual acts before."  19-cr-75, ECF No. 206 at 11.  Mr. Mays seems to suggest that these prior acts would have put the victim's credibility in question, meaning, in Mr. Mays's view, that "there was a better chance for the jury would have believe [sic] that [the victim] [c]reated the video in question and not me."  *Id.*  Mr. Mays describes these arguments in claims numbered 18 and 24.  There are many problems with this argument.  It is enough to mention two here.  First, the argument is not tethered to the offense of conviction.  Mr. Mays pleaded guilty to the receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).  19-cr-75, ECF No. 68 at 1.  He admitted to transferring images of a minor engaged in sexually explicit conduct from an electronic device to his laptop computer.  Plea Hr'g Tr. at 37–38.  The question of who "created" the child pornography is not one of this offense's elements.  In that sense, it is beside the point.  Second, if it mattered, the question of how a jury might resolve the question of who created the pornography is quite speculative, meaning (if it mattered) it would be just one of many factors Mr. Mays's counsel reasonably could have considered in recommending that Mr. Mays accept the plea agreement.  That kind of judgment call is not grounds for granting a § 2255 motion.  *See Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) ("[S]trategic choices

made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

B

Mr. Mays claims that he received ineffective assistance from the separate counsel representing him in the wire-fraud case, 19-cr-76. Mr. Mays first argues that counsel's performance was deficient because she did not personally attend the evidentiary hearing on Mr. Mays's motion to suppress the laptop computer. 19-cr-76, ECF Nos. 183 at 1–4, 199 at 9–10. This argument is not convincing for the simple reason that Mr. Mays's wire-fraud counsel had no need to attend the evidentiary hearing. That hearing concerned the separate child-pornography case.

Mr. Mays argues that his wire-fraud counsel provided ineffective assistance because she did not continue to represent him on appeal. 19-cr-76, ECF Nos. 183 at 1, 199 at 9–10. The Eighth Circuit Clerk of Court consolidated Mays's two cases and ordered his counsel in the child-pornography case alone to represent Mr. Mays as appointed counsel in a combined appeal. *See* Orders Appointing Counsel and Consolidating Cases, *United States v. Mays*, Nos. 20-1333, 20-1359 (8th Cir. Feb. 19, 21, 2020). In other words, Mr. Mays's wire-fraud counsel had no duty to represent him on appeal. And though a criminal defendant is entitled to effective assistance of counsel both at trial and on direct appeal, *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003), he is not entitled to the counsel of his choosing, *United States v. Espino*, 317 F.3d 788, 798–99 (8th Cir. 2003).

Mr. Mays argues that his wire-fraud counsel performed deficiently because she did not "get" him a hearing requiring the Government to prove the restitution amount was

11

correct.  19-cr-76, ECF Nos. 183 at 5–6, 199 at 2.  According to Mr. Mays, he told his wire-fraud counsel that he paid more than $39,000 to the wire-fraud victims and that this amount should have been subtracted from the ordered restitution.  19-cr-76, ECF Nos. 183 at 5; 199 at 3–4, 6–9.  Mr. Mays offers no factual support for this assertion.  Though he had ample opportunity to object to the amount, he failed to do so.  Under these circumstances, counsel's decision not to request a hearing or contest this amount is best viewed as a reasonable strategic choice.  *See Calkins v. United States*, 795 F.3d 896, 897–98 (8th Cir. 2015).

Mr. Mays argues that his wire-fraud counsel was ineffective by allowing him to agree, through the plea agreement, to a ten-year supervised-release term, instead of the three-year maximum authorized for his wire-fraud conviction.  19-cr-76, ECF Nos. 183 at 6–7, 199 at 6.  This argument simply ignores the combined nature of Mr. Mays's sentence.

### III

Mr. Mays's § 2255 petitions, separate memoranda, many letters, and the record in these cases show conclusively that Mays is not entitled to § 2255 relief on the grounds he has raised.  Therefore, summary denial of his motions without an evidentiary hearing is appropriate.  *See Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).  Further, Mays has failed to raise any issue that is "debatable among reasonable jurists" or that "deserve[s] further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).  As such, he has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a certificate of appealability.  28 U.S.C. § 2253(c)(2).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Otis Ray Mays, Jr.'s § 2255 motions to vacate and correct his sentence [No. 19-cr-75; ECF No. 205] [No. 19-cr-76; ECF No. 182] are **DENIED**.

2. Defendant Otis Ray Mays, Jr.'s Motion for Discovery and Production of Documents [No. 19-cr-75, ECF No. 239] is **DENIED**.

3. Defendant Otis Ray Mays, Jr.'s Motion for an Evidentiary Hearing [No. 19-cr-75, ECF No. 241] is **DENIED**.

4. No certificate of appealability shall issue.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 19, 2023                          s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court